**FILED**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

AUG 2 0 2020

U. S. DISTRICT COURT
EASTERN DISTRICT OF MO
ST. LOUIS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | **4:20CR00409 AGF/NAB** |
| v. ) | |
| ) | |
| ROBYION HUGHES, ) | |
| ) | |
| Defendant. ) | |

## INDICTMENT

### COUNT 1
### (Straw Purchase of Firearm)

The Grand Jury further charges that:

On or about July 7, 2019 in the Eastern District of Missouri,

**ROBYION HUGHES,**

the defendant herein, aiding and abetting S.M., in connection with the acquisition of a firearm, to wit: a Smith and Wesson Model 509, 9 millimeter pistol, bearing serial number FBB1492, from Geiler Guns, a licensed dealer of firearms within the meaning of Title 18, United States Code, Chapter 44, did knowingly make a false and fictitious written statement to an employee of Geiler Guns, which statement was intended to and likely to deceive said employee as to a fact material to the lawfulness of such sale of said firearm to S.M., in that S.M. did execute an ATF Form 4473, Firearms Transaction Record, to the effect that S.M. was the actual buyer of the firearm indicated on the Form 4473, when, in fact, as S.M. then knew, she was acquiring the firearm on behalf of Defendant.

In violation of Title 18, United States Code, Sections 922(a)(6) and 2, and punishable under Title 18, United States Code, Section 924(a)(2).

1

## COUNTS 2-21
## (Bank Fraud)

The Grand Jury further charges that:

**BACKGROUND**

At all times material to this indictment:

1. First Community Bank and Commerce Bank were financial institutions, the deposits of which were insured by the Federal Deposit Insurance Corporation.

2. For the purpose of describing the crimes charged in this indictment:

   a. The "available balance" in a bank checking account is the total amount of legitimate funds (based on the deposit of money, the proper clearing of deposited checks through the bank on which the check is drawn, as well as the deposit or posting to the checking account of other legitimate financial instruments or credits), which a bank will make available to a checking account customer to cover the payment of checks drawn or other types of withdrawal, such as debit card transactions or ATM cash, on the account.

   b. The "numerical balance" in a checking account is the total mathematical amount of credit posted as being on deposit in the account on any given day. This amount could be greater than the "available balance" in a checking account, if, for example: (1) deposit items such as checks have not yet been presented for payment and honored by the banks or other financial institutions on which those deposit items are drawn, a process commonly known as clearing; or (2) there are checks that will be ultimately returned unpaid by the drawee bank to the bank into which they were deposited because they are drawn on insufficient legitimate funds to cause the drawee bank to honor the check when presented for payment; or (3) when the drawee bank refuses to honor checks drawn on its account upon its discovery that the balance in the account has been artificially and fraudulently inflated as a result of a scheme to defraud.

2

        c.        A check "clears" an account when the check is processed, honored, and paid by the drawee bank. If the drawee bank determines that there are not sufficient available funds in the account to cover the check, then the check never clears. Instead, the issuing bank returns the check and notifies the bank into which the check was deposited that there are not sufficient available funds in the checking account at the issuing bank, and, therefore, the check will not be honored.

**THE SCHEME**

    3.    From June 12, 2019 until August 1, 2019, within the Eastern District of Missouri,

**ROBYION HUGHES,**

the defendant herein, did willfully and knowingly execute a scheme to defraud First Community Bank and Commerce Bank to obtain money or other property owned by or under the custody and control of First Community Bank and Commerce Bank, by means of false and fraudulent pretenses, representations, and promises.

**EXECUTION OF THE SCHEME**

    4.    Robyion Hughes would recruit individuals who had open checking accounts at First Community Bank or Commerce Bank ("account holders"), who provided personal and account access information and/or access cards such that Robyion Hughes could access the checking accounts of the account holders.

    5.    Robyion Hughes would create or obtain counterfeit checks made payable to the account holders and deposit them into the account holder's checking account. Robyion Hughes often made more than one fraudulent check deposit into the account at different bank branches, either on the same day or successive days.

    6.    Robyion Hughes, prior to the counterfeit check being cleared and returned by the drawee bank as fraudulent, but after it was applied to the account holder's numerical balance,

3

made cash withdrawals from the account either by debit card, ATM withdrawal, or counter withdrawal.

7. Once the banks determined the deposited checks were counterfeit and the accounts were flagged and no further withdrawals were allowed, Robyion Hughes abandoned the account and proceeded to another account to execute the scheme.

## THE FRAUDULENT CHECKS

8. The fraudulent checks involved in the criminal activity referenced in this indictment are fully described below. Each mention in the indictment to a check by number shall by reference and incorporation of the below list, be a complete description of the check.

| Check # | Purported Issuer | Account # | Purported Bank | Check Date | Amount |
|---|---|---|---|---|---|
| 1 | Seaver & Forck | xxxxxx605 | Hawthorne | 5/31/19 | $576.89 |
| 2 | Seaver & Forck | xxxxxx605 | Hawthorne | 5/30/19 | $509.11 |
| 3 | Seaver & Forck | xxxxxx605 | Hawthorne | 5/30/19 | $612.32 |
| 4 | Open Door Family Medical Center | xxxxxx021 | JP Morgan | 6/10/19 | $1,289.23 |
| 5 | Open Door Family Medical Center | xxxxxx021 | JP Morgan | 6/10/19 | $1,008.34 |
| 6 | Open Door Family Medical Center | xxxxxx022 | JP Morgan | 6/10/19 | $1,009.12 |
| 7 | Open Door Family Medical Center | xxxxxx022 | JP Morgan | 6/10/19 | $1,356.12 |
| 8 | Open Door Family Medical Center | xxxxxx022 | JP Morgan | 6/12/19 | $1,423.19 |
| 9 | Open Door Family Medical Center | xxxxxx022 | JP Morgan | 6/10/19 | $1,009.43 |
| 10 | MPAC Real Estate | xxxxxx693 | U.S. | 6/21/19 | $990.87 |
| 11 | MPAC Real Estate | xxxxxx693 | U.S. | 6/21/19 | $1,390.34 |
| 12 | Elite Staffing | xxxxxx737 | MB Financial | 7/11/19 | $2,602.93 |
| 13 | Elite Staffing | xxxxxx737 | MB Financial | 7/8/19 | $2,187.54 |

## THE CHARGES

9. On or about the dates listed below in Column A, Robyion Hughes, having devised the aforesaid scheme to defraud and to obtain money by means of false and fraudulent pretenses, representations, and promises, did knowingly execute and attempt to execute the scheme, in

4

relation to a bank account held by an account holder listed in Column B, at a bank branch of First Community Bank or Commerce Bank as listed in Column C located in the Eastern District of Missouri, by performing the transaction listed in Column D, in the amount in Column E.

| COUNT | A | B | C | D | E |
|---|---|---|---|---|---|
| 2 | 5/31/19 | A.M. | First Community | Deposit Fraudulent Check #1 | $576.89 |
| 3 | 5/31/19 | A.M. | First Community | Deposit Fraudulent Check #2 | $509.11 |
| 4 | 5/31/19 | A.M. | First Community | Deposit Fraudulent Check #3 | $612.32 |
| 5 | 6/4/19 | A.M. | First Community | Cash Withdrawal | $500.00 |
| 6 | 6/12/19 | K.L. | First Community | Deposit Fraudulent Check #4 | $1,289.23 |
| 7 | 6/12/19 | K.L. | First Community | Deposit Fraudulent Check #5 | $1,008.34 |
| 8 | 6/18/19 | K.L. | First Community | Cash Withdrawal | $500.00 |
| 9 | 6/12/19 | J.B. | First Community | Deposit Fraudulent Check #6 | $1,009.12 |
| 10 | 6/12/19 | J.B. | First Community | Deposit Fraudulent Check #7 | $1,356.12 |
| 11 | 6/13/19 | J.B. | First Community | Cash Withdrawal | $200.00 |
| 12 | 6/14/19 | J.B. | First Community | Cash Withdrawal | $500.00 |
| 13 | 6/12/19 | S.C. | First Community | Deposit Fraudulent Check #8 | $1,423.19 |
| 14 | 6/12/19 | S.C. | First Community | Deposit Fraudulent Check #9 | $1,009.45 |
| 15 | 6/13/19 | S.C. | First Community | Cash Withdrawal | $200.00 |
| 16 | 6/18/19 | S.C. | First Community | Cash Withdrawal | $500.00 |
| 17 | 6/25/19 | B.R.C. | First Community | Deposit Fraudulent Check #10 | $990.87 |
| 18 | 6/25/19 | B.R.C. | First Community | Deposit Fraudulent Check #11 | $1,390.34 |
| 19 | 7/12/19 | R.A. | Commerce Bank | Deposit Fraudulent Check #12 | $2,602.93 |
| 20 | 7/12/19 | R.A. | Commerce Bank | Deposit Fraudulent Check #13 | $2,187.34 |
| 21 | 7/13/19 | R.A. | Commerce Bank | Cash Withdrawal | $500.00 |

All in violation of Title 18, United States Code, Section 1344.

A TRUE BILL.

_____

FOREPERSON

JEFFREY B. JENSEN
United States Attorney

_____

JOHN J. WARE, #40880MO
Assistant United States Attorney